﻿Citation Nr: 19172619
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 12-25 670
DATE: September 18, 2019

REMANDED

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

REASONS FOR REMAND

The Veteran has active service from April 1969 to April 1973, with his DD Form 214 showing 10 months and 8 days of other service.

This case is before the Board of Veterans’ Appeals (Board) from an August 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran appeared before the undersigned Veterans’ Law Judge at an April 2019 hearing. 

The Veteran contends that he developed PTSD as a result of an in-service stressor. Specifically, he was involved in a motor vehicle accident in Germany. The Veteran described that while pulled over on the side of the road in a tanker truck, his truck was struck from behind by a civilian delivery truck. The civilian delivery truck driver did not survive the accident. The Veteran described the scene as horrific and that he feared for his life because the tanker truck contained gasoline and he thought it may explode. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004). 

In addition to the above criteria, claims of service connection for PTSD require a medical diagnosis conforming to the requirements of Section 4.125(a) and the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5), an in-service stressor accompanied by credible and supporting evidence that the stressor claimed to be the cause of the disorder occurred in service, and established medical evidence connecting the current disability to the stressor. 38 C.F.R. § 3.304(f); see also 38 C.F.R. § 4.125(a); Cohen v. Brown, 10 Vet. App. 128, 138 (1997).

If the evidence shows that a veteran engaged in combat with the enemy and the claimed stressor is consistent with the circumstances of service, lay statements alone may be enough to prove the in-service stressor. 38 C.F.R. § 3.304(f)(2). Additionally, a stressor may be proven with lay statements alone if the veteran claims a stressor due to fear of hostile military or terrorist activity, the claimed stressor is consistent with the circumstances of service, and a VA or VA-contracted psychiatrist or psychologist confirms that the claimed stressor is adequate to support a PTSD diagnosis and that the veteran’s symptoms are related to the claimed stressor. 38 C.F.R. § 3.304(f)(3).

The Veteran is competent to report symptoms and experiences observable by his senses but not to diagnose or assess the etiology of an acquired psychiatric disorder, as this requires specialized training to understand the complexities of psychiatric medicine. See 38 C.F.R. § 3.159 (a); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The standard of proof to be applied in decisions on claims for VA benefits is set forth in 38 U.S.C. § 5107 (b). Under that provision, VA shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107 (b); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The record contains a competent diagnosis of PTSD. The Board, accordingly, finds competent evidence of a current disability. 

The Board notes that record does not contain competent and credible evidence that the Veteran engaged in combat, nor does he contend that PTSD is due to fear of hostile military or terrorist activity. There must therefore be credible and supporting evidence of an in-service stressor to support the claim for PTSD. See 38 C.F.R. § 3.304(f). The record must include service records or other credible evidence that supports and does not contradict the Veteran's testimony. Doran v. Brown, 6 Vet. App. 283, 289 (1994). Moreover, a medical opinion diagnosing PTSD does not suffice to verify the occurrence of the claimed in-service stressors. See Moreau v. Brown, 9 Vet. App. 389, 395 (1996); Cohen v. Brown, 10 Vet. App. 128, 142 (1997).

The Board notes that in August 2013 the AOJ found that there was insufficient information of record to send a request for verification of information to either the U.S. Army or the Joint Services Records Research Center (JSRRC). Since then, additional information regarding the in-service stressor described by the Veteran has been received. 

During the hearing, with regard to the in-service stressor, the Veteran provided that while driving an Army tanker in either 1972 or 1973, from Stuttgart to Mannheim Germany, the engine failed, and while disabled on the side of the road, was rear-ended by a delivery truck. The driver of the delivery truck died in the accident. The frame of the Army truck was damaged in the accident.

Additional details provided by the Veteran in November 2017 include that the accident occurred in January or February 1973 , on the Stuttgart Autobahn, and the Veteran was associated with U.S. Army Company C 97th Signal Battalion in Mannheim Germany at that time. 

A remand is required to allow VA to attempt to corroborate the Veteran’s reported stressor with the above information.

The matters are REMANDED for the following action:

Contact the U.S. Army, Joint Service Records Research Center (JSRRC) or other appropriate repository for military records, and request that agency research the Veteran's in-service stressor details as outlined in the November 2017 correspondence and Veteran’s hearing testimony in an effort to obtain credible supporting evidence that the claimed in-service stressors occurred.

Searches conducted should specifically include:

U.S. Army Company C 97th Signal Battalion, Mannheim, Germany tanker truck losses and those involved in accidents on the Stuttgart Autobahn, between Stuttgart and Mannheim, in 1972 or 1973, to include a tanker rear ended by civilian/German delivery truck on the Autobahn. 

If more details are needed, contact the Veteran to request the information.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. A. Myers, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.